IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MARGARITA GARCIA, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 05-01054-CV-W-DW |
| | ) | |
| HART INVESTMENTS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Before the Court is Plaintiffs' motion to remand (Doc. 17). Because it appears that one of the properly served defendants is a resident of Missouri, this Court does not have removal jurisdiction. Therefore, the motion to remand is granted.

This is a fraud, misrepresentation, and breach of contract case involving the sale of a house. The case was filed in state court in Jackson County, then removed here by Hart Investments. In the notice of removal, Hart Investments maintained that this Court has original jurisdiction because there is complete diversity among the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332; 28 U.S.C. § 1441. However, Plaintiffs now assert that Defendant Quintana resides in Missouri, a fact defeating jurisdiction.

A defendant bears the burden of proving that removal is proper and that all prerequisites are satisfied. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). The removal statute is to be narrowly construed, and any doubt about the propriety of removal is to be resolved in favor of state court jurisdiction. Williams v. SafeCo Ins. Co., 74 F. Supp. 2d 925, 928 (W.D. Mo. 1999).

Under 28 U.S.C. § 1441(b), without a federal question, an action "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." This action was brought in Missouri state court, and it appears that Defendant Quintana resides in Missouri. She was served in person at 802 S Cedar Ave Independence Mo. Quintana's Missouri realtor license shows an address of 802 S Cedar in Independence, MO. And Defendants have not carried their burden to show that Quintana is not a citizen of Missouri. Thus, this case is not removable.

Finally, Defendants have requested time to conduct discovery on whether Plaintiffs are citizens of the United States or of Mexico. <u>See</u> Doc. 23. That inquiry is not material to the Court's decision to remand. The motion for extension of time will be denied.

The Court hereby

DENIES Defendants' motion for extension of time to respond to the motion to remand (Doc. 23);

GRANTS the motion to remand (Doc. 17); and

ORDERS that this case shall be remanded to the Circuit Court of Jackson County, Missouri.

SO ORDERED.

      /s/ DEAN WHIPPLE
      Dean Whipple
      United States District Judge

Date: March 30, 2006